IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| CHRISTINE GAIL MANIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:11-CV-193 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This is an action for judicial review, pursuant to 42 U.S.C. § 405(g), of defendant Commissioner's final decision denying plaintiff's claim for Supplemental Security Income ("SSI") benefits. For the reasons provided herein, defendant's motion for summary judgment [doc. 23] will be denied, and plaintiff's motion for summary judgment [doc. 13] will be granted to the extent it seeks remand under sentence four of § 405(g).[1]

I.

*Procedural History*

Plaintiff filed the present application for benefits in February 2008, alleging a disability onset date of February 28, 2007. [Tr. 233]. That date was subsequently amended to April 29, 2008. [Tr. 30]. Plaintiff claims to be disabled by conditions including back pain,

---

[1] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

knee pain, anxiety, and bipolar disorder. [Tr. 32, 253]. Her application was denied initially and on reconsideration. Plaintiff then requested a hearing, which took place before an Administrative Law Judge ("ALJ") in November 2009.

On December 29, 2009, the ALJ issued a decision denying benefits. In relevant part, he concluded that plaintiff suffers from "low back pain with muscle spasm [and] bilateral knee pain," which are "severe" impairments but not equal, individually or in concert, to any impairment listed by the Commissioner. [Tr. 16]. The ALJ found that plaintiff retains the residual functional capacity ("RFC") for the full range of light exertion, subject to "emotional disorder restrictions." [Tr. 17]. Relying on vocational expert ("VE") testimony, the ALJ determined that plaintiff remains able to perform a significant number of light jobs existing in the regional and national economies. [Tr. 20-21]. Plaintiff was therefore found ineligible for benefits.

Plaintiff then sought review from the Commissioner's Appeals Council. On March 3, 2011, review was denied. [Tr. 1]. The ALJ's ruling therefore became the Commissioner's final decision. Through her timely complaint, plaintiff has properly brought her case before this court. *See* 42 U.S.C. § 405(g).

II.

*Applicable Legal Standards*

This court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g)*; Richardson v.*

2

*Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The "substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488 (1951)). In reviewing administrative decisions, the court must take care not to "abdicate [its] conventional judicial function," despite the narrow scope of review. *Universal Camera*, 340 U.S. at 490.

An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. *See* 42 U.S.C. § 1382(a). "Disability" is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

3

42 U.S.C. § 1382c(a)(3)(B). Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiffs bear the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id*.

### III.

*Analysis*

Plaintiff raises several issues on appeal. All arguments not presented by plaintiff are deemed waived. *See Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006).

## A. Residual Functional Capacity

In his written decision, the ALJ found plaintiff capable of performing the full range of light work, subject to emotional restrictions. [Tr. 17]. The ALJ's administrative hearing questioning of the VE was similarly restricted to a hypothetical claimant physically able to do the full range of light work. [Tr. 45-49].

However, the ALJ's written ruling contains a perplexing observation regarding light work. Plaintiff contends that "[t]his conflict justifies a remand to the ALJ for further development." The court agrees.

In material part, the Social Security regulations instruct that

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing . . . . To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 416.967(b).

At the administrative hearing, plaintiff testified that she is unable to work, "Due to my back and knee pain." [Tr. 32]. In his decision, the ALJ discussed injury and pain in plaintiff's right knee. He concluded that this condition "would be sufficient to prevent lifting more than 20 pounds occasionally," consistent with light exertion. [Tr. 18]. In the next paragraph, the ALJ cited with approval the opinion of the consultative physical examiner "that the claimant cannot lift more than 20 pounds." [Tr. 19]. "Therefore," the ALJ concluded, "she is limited to light work." [Tr. 19].

5

Had that been the end of the discussion, all would have been well. However, in the middle of the above-cited analysis, the ALJ added that plaintiff's knee injury "would also rule out past relevant work as a waitress." [Tr. 18]. That statement is problematic because the VE testified that the waitress position would be classified as *light* work. [Tr. 46]. If plaintiff is in fact able to do the full range of light work - as the ALJ's discussion and questioning elsewhere concluded - then she should be able to work as a waitress as well.

The court has studied the administrative record and is unable to reconcile this inconsistency. It may be that the ALJ simply misapprehended the requirements of waitressing work, perhaps thinking that the job is categorized as *medium* exertion. Or, the ALJ may have had in mind that plaintiff is not able to do "a good deal of walking or standing," which would be inconsistent with his conclusion that she can perform light work. Based on the record before it, the court simply cannot tell.

In response, the defendant argues that this inconsistency "is immaterial because the ALJ continued to step five of the sequential evaluation process and found that Plaintiff could perform a significant number of other [light] jobs in the national economy." That argument misses the point. The ALJ's step five evaluation, and the VE's testimony, were based on the premise that plaintiff can do the full range of light work. For the reasons discussed above, that premise may or may not be faulty.

The matter is further complicated by the ALJ's conclusion that plaintiff is unable to perform any of her past relevant work. In support of that conclusion, the ALJ

6

simply stated, "This finding is supported by vocational expert testimony." [Tr. 20]. However, the court's review of the hearing transcript reveals no VE testimony on that point. [Tr. 45-50]. Irrespective of whether plaintiff's waitress position is too remote in time to be considered part of her "past relevant work," this inconsistency further muddies the waters of the RFC finding.

Social Security claimants are entitled to "a careful evaluation of the medical findings . . . and an informed judgment about the limitations and restrictions the impairment(s) and related symptom(s) impose on the individual's physical and mental ability to do basic work activities." *See* SSR 96-3p, 1996 WL 374181, at *2 (July 2, 1996). Due to the ambiguity cited herein, the present plaintiff has not received the "informed judgment" to which she is entitled. This matter will therefore be reversed and remanded for further evaluation and/or clarification consistent with this opinion.

B. Remaining Issues

Having concluded that a remand is necessary for clarification of the ALJ's RFC finding, the court need not address the remaining issues presented by plaintiff on appeal. To the extent that plaintiff questions: (1) the ALJ's observations regarding her credibility; and (2) the ALJ's treatment of her migraine and carpal tunnel complaints, she is free to raise those issues on remand.

7

C. <u>Benefits</u>

To the extent that plaintiff asks this court to award benefits rather than remanding her case, that request will be denied. A reviewing court can reverse and immediately award benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Id*.

Under *Faucher*, benefits cannot be awarded at this time. The evaluations of consulting physician Jeffrey Summers and consulting psychologist Candice Blake provide evidence that plaintiff can still work. [Tr. 427, 470-76].

There may also be credibility problems. In addition to the issues raised by the ALJ, it is concerning that plaintiff admitted to Dr. Blake that she uses marijuana to calm her "jitteriness," yet to Dr. Summers she "denie[d] illicit drug use." [Tr. 426, 468]. It is also bothersome to the court that plaintiff portrayed herself to both consulting doctors as having not worked since 2004 or 2005 [Tr. 426, 468], while the administrative record makes clear that she worked continuously into 2007. [Tr. 248, 253]. In a case based largely on subjective complaints, a claimant's truthfulness is particularly relevant.

The court is not satisfied that "all essential factual issues have been resolved [or that] the record adequately establishes [] plaintiff's entitlement to benefits." *Faucher,* 17

F.3d at 176. Accordingly, benefits cannot be awarded by this reviewing court at this time. *See id*.

IV.

*Conclusion*

The final decision of the Commissioner will be reversed and remanded for further evaluation and/or clarification. An order consistent with this memorandum opinion will be entered.

ENTER:

                                                       s/ Leon Jordan
                                         United States District Judge